wrong in so holding, but the question presented to us is not what was done below, but whether the cause is in this court.

Although it does not appear that this action was prosecuted under the forms prescribed in the statute of interpleader, sec 5016, Rev. Stat. yet we are unable to distinguish this case so far as the question of appeal is concerned, in principle from the case of McGinnis v. Schwab, 24 O. S., 336, where it was held that a litigation over a fund in court between a plaintiff and a defendant, substituted under the provisions of sec. 5016, was an action for money only.

It follows that the motion must be sustained, and the appeal dismissed.

C. T. Clarke and S. Hambleton, for motion.

J. D. Sullivan, contra.

---

## COSTS IN DIVORCE CASES. 18

[Hamilton Circuit Court, January Term, 1890.]

Swing, Cox and Smith, JJ.

### STATE EX REL. LIZZIE WHITE V. CLEMENT BATES, JUDGE.

GRANTING DECREE CANNOT BE CONDITIONED ON PAYMENT OF COSTS.

Where decree for divorce is granted the petitioner, she cannot be required to pay the costs as a condition precedent to the entry of the decree in her favor.

MANDAMUS.

SMITH, J.

We are of the opinion, that where, on the hearing of an application for divorce, the court of common pleas has found that the petitioner, a married woman, is clearly entitled thereto, and has approved a decree granting such divorce, that it has not the right to require, as a condition precedent to the entry thereof, that the costs in the case be paid by such petitioner, though the decree so approved, provided that she should have a judgment for such costs against her husband, the defendant. A rule of the court, requiring the petitioner in such case to pay the costs before the entry of the decree, is not warranted by, but is inconsistent with the laws of the state. We think the case comes clearly within the principle laid down in the case of Heffer v. Scranton, 27 O. S., 579.

It being conceded by the answer that the facts in this case are as above stated, a peremptory writ will be allowed as prayed for.

A. J. Marsh, attorney for relator.